**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SARBJIT SINGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-881-G |
| ) | |
| PATRICK E. MOORE DETENTION ) | |
| CENTER; B. BAKER (Warden, COO), ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, an immigration detainee appearing pro se, brings this action alleging violations of his federal constitutional rights while imprisoned at the Patrick E. Moore Detention Center (PMDC). United States District Court Judge Charles B. Goodwin has referred the matter for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the action be transferred to the United States District Court for the Eastern District of Oklahoma.

**DISCUSSION**

A court may sua sponte consider whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted). Further, "the court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice." *Love's Travel Stops & Country Stores, Inc. v. Oakview Const., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010).

Venue is proper in a civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. Plaintiff alleges his constitutional rights were violated at PMDC and he names PMDC and a PMDC prison official as Defendants. PMDC is in Okmulgee, Oklahoma and is located within the territorial jurisdiction of the United States District Court for the Eastern District of Oklahoma. *See* 28 U.S.C. § 116(b). Accordingly, because the events or omissions giving rise to the claims occurred in the Eastern District of Oklahoma, venue is proper in that Court.

Although it is possible venue may be proper in this Court as well,[1] "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). In this instance, Plaintiff is confined at PMDC, Defendant Baker works at PMDC, and documents would be readily available there. As such, it is recommended that this Court transfer this case to the United States District Court for the Eastern District of Oklahoma in the interest of justice.

## RECOMMENDATION

It is recommended that this action, with all pleadings filed in this Court, be transferred to the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1404(a).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of this District Court by October 15, 2019. *See*

---

[1] Although none of the alleged events occurred within the geographical boundaries of this district, Plaintiff did not identify Defendant Baker's residence.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 24th day of September, 2019.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE